## Case No. 3,338.

### CRAIG v. SMITH et al.

[2 Dill. 375.][2]

Circuit Court, D. Kansas. June 5, 1873.

PATENTS—"WELL-TUBE"—VALIDITY.

Plaintiff's patent for improved well-tube, sustained.

[See note at end of case.]

[This was a bill in equity by Samuel F. Craig against Jacob Smith and Hale for the alleged infringement of letters patent No. 65,648, granted to plaintiff June 11, 1867.]

Mr. Ennis, for plaintiff.
Mr. Williams, for defendants.

## Case No. 3,339.

### CRAIG v. SMITH et al.

[4 Dill. 349;[1] 1 Ban. & A. 556; 2 Cent. Law J. 256.]

Circuit Court, D. Kansas. Nov. Term, 1874.[2]

PATENT DRIVE WELL—COMBINATION — INFRINGEMENT.

The drive well-tube patent issued June 11th, 1867, to the plaintiff, is for a combination, of which the air chamber is part; and the enlarged drill-head, and the application of the wire screen on the outside of the tube, *held* not to be novel; and as the tubes made by the defendant do not contain the air chamber (an essential part of the plaintiff's patented combination), there is no infringement of the plaintiff's patent.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[2] [Affirmed by the supreme court in Craig v. Smith, 100 U. S. 226.]

A decree was entered in this suit at the June term, 1873, sustaining the plaintiff's patent [Case No. 3,338]. A bill of review was filed, and issue taken thereon, and a large amount of additional evidence was produced. In this shape the cause now came before the court.

Martin, Burns & Case and Alfred Ennis, for plaintiff.

Guthrie & Brown, for defendants.

FOSTER, District Judge. The patent of the plaintiff is for "combination and arrangement of the perforated end of the well tube around which the wire screen or gauze is placed; the point secured to the end of the tube forming the chamber and air passage."

The patent is evidently for a combination of devices, not new in themselves (except, perhaps, the chamber and air passage). The plaintiff claims the wire screen on the outside of the perforated tube as new, but the several applications for patents made before plaintiff claims his discovery, show that that device is not new. The claim of Charles Batchelor, filed November 8, 1865, in the patent office, and rejected, embodied this principle of the wire screen, with an enlarged drill-head to protect the screen. The patent of Batchelor, Park & Sherman, of December 12, 1865, had an outside strainer, protected by an outside casing. The patent of J. C. & M. V. Campbell, January 8, 1866, has the strainer or conical plug or point, and the patentees say they do not claim the plug as new, it having been described in the patent to James Suggett, March 29, 1864. The application of George Mallory, July 10, 1865, presented a claim for the wire screen on the outside or inside; the application was rejected. The application of Arthur T. Wilder, August 20, 1866, for outside screen or gauze, was rejected, being anticipated by Batchelor's patent of December 12, 1865. The application of Augustus Harrington, June 29, 1866, among other things, presents the screen and enlarged drill-head. The applications of Dodge, and also Knapp & Pease, present claims for similar screens. These cases abundantly show that the plaintiff's claim of novelty for the screen is not sustained. The defendants are making a similar device to plaintiff's patent, except the chamber and air passage in the drill-head.

The plaintiff's patent being for a combination, two questions arise in the case: 1st. If the plaintiff claims for the wire screen and enlarged drill-head, with the air chamber, is his invention new? 2d. Do the defendants infringe that patent unless they use the whole combination, including the air chamber and passage?

The first question we are compelled to answer in the negative. The rejected application of Batchelor, November 8, 1865, presented substantially the same combination. The applicant says: "The enlargement or shoe B, protecting the strainers from being injured on the descent of the tube." The application of Harrington, June 29, 1866, also included these devices. In the application of Wilder, August 20, 1866, the screen was extended on the outside of the tube from shoulder to shoulder, the lower shoulder being the enlarged drill-head, thus combining the screen and enlarged drill-head. The application of George Dodge, March 13, 1866, presents the screen and enlarged drill-head. From these several cases, to say nothing of the affidavits presented on the application for rehearing, we are led to conclude that the combination of these two principles is not new.

On the second point: The plaintiff's claim, as amended on the suggestion of the commissioners of patents, is for the combination and arrangement of the several parts of his device. Those several parts are three in number, to-wit: The wire screen, the enlarged drill-head, and the air passage. The first two devices being old in severalty and in combination, can the defendants be charged with infringing plaintiff's patent by making use of these without the air passage?

Curtis on Patents (section 111) says: "The combination must be new itself, and must produce a new and useful result, not due to the separate action of any one of the devices used in combination nor attained thereby, but due to the co-operation or reciprocal action of the combined devices. And in such a case any one may lawfully use any one of the old devices separately or in new combinations, or may use some of them in combination and omit others." In the case of Hill v. Thompson, Webst. Pat. Cas. 243, the court, on the subject of combinations, says: "Neither can it be justly said that the use of the separate ingredients, or some of them partially combined, is a use made of the invention in part. * * * Each of the ingredients had before been separately used, and had been used more or less in partial combination." Again, in Barrett v. Hall [Case No. 1,047] (Curt. Pat. § 332), it was held: "When the patent is for the combination alone, it is no infringement to use any of the parts or things which go to make up the combination, provided the combination itself is not used." In Prouty v. Ruggles, 16 Pet. [41 U. S.] 336, the court holds: "The use of any two parts only, or of two combined with a third, which is substantially different in form, or in the manner of its arrangements and connection with the others, is therefore not the thing patented. It is not the same combination if it substantially differs from it in any of its parts." Curt. Pat. § 332. In a late case, Garratt v. Seibert [18 Wall. (85 U. S.) 956], the United States supreme court, at its October term, 1873, held the same doctrine.

The combination of the outside screen and the enlarged drill-head not being new or patentable, if the combination of the plaintiff

were patentable at all, it must have been so by reason of the combination of the air passage with the other devices, or a combination of the whole, as set forth in the specifications. If the plaintiff could or should abandon the claim for the chamber and air passage, he has no patentable combination left. The plaintiff claims that the defendants have made use of an equivalent for his air chamber and passage, that the enlarged drill-head is of itself an equivalent, as by making a hole larger than the tube, it facilitates the drawing up of the same, which was the real purpose of the air passage. If this be true, it would merely prove that the air passage was no improvement on the old drill-head, instead of proving that the old drill-head was an equivalent for the air passage. On the second question, therefore, we are compelled to hold the negative, and that there is no infringement of plaintiff's patent by the defendants in this cause.

DILLON, Circuit Judge. On this bill of review a large amount of additional evidence has been produced, and I am of opinion that the plaintiff's patent is for a combination, and that the air chamber was designed to be part of the combination for which the patent issued. The enlarged drill-head is not new; and the evidence, on the hearing, shows, though it did not on the first hearing, that the application of the gauze or screen to the outside of the perforated tube is not original with the plaintiff. It is admitted that the defendants' tubes do not contain the air chamber, an essential part of the plaintiff's combination, and hence there is no infringement. Judge FOSTER, upon an independent examination of the cause, and of the printed arguments, made at my instance, has reached the same result, and in the conclusions stated by him I concur. The former decree must be reversed, and a decree entered dismissing the bill.

Decree accordingly.

[NOTE. From this decree, complainant appealed, and the decree was affirmed by the supreme court, which, without discussion of the questions of validity or infringement, confined the consideration of the cause to the effect of the introduction of newly-discovered evidence under the bill of review to prove facts in issue on the first hearing. Craig v. Smith, 100 U. S. 226.]